UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOE E. RUFFIN                                                                                          PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:13cv163-DPJ-FKB

CAROLYN W. COLVIN, Acting
Commissioner of Social Security                                                       DEFENDANT

ORDER

This Social Security appeal is before the Court on the Report and Recommendation (R&R) [23] of United States Magistrate Judge F. Keith Ball who recommends affirming the Commissioner's decision.  Plaintiff Joe E. Ruffin filed a timely Objection [25] to the R&R. After reviewing the Magistrate Judge's findings, together with Ruffin's Objection, the Court concludes that the R&R should be adopted as the opinion of this Court.

The Appeals Council reviewed the Administrative Law Judge's original decision that Ruffin was not disabled and remanded for further proceedings.  The ALJ then held a supplemental hearing and issued a decision again finding that Ruffin is not disabled.  Ruffin appealed to this Court, and the case was referred to Judge Ball.  Judge Ball thereafter determined that substantial evidence supported the ALJ's decision and that the ALJ committed no reversible errors of law.

Ruffin offers a number of objections, all of which generally relate to whether his credibility was properly assessed as regulated by Social Security Ruling ("SSR") 96-7p.  Though SSR 96-7p is somewhat lengthy, the policy interpretation provides a succinct summary:

> If an individual's statements about pain or other symptoms are not substantiated by the objective medical evidence, the adjudicator must consider all of the evidence in the case record, including any statements by the individual and other persons concerning the individual's symptoms.  The adjudicator must then make a

finding on the credibility of the individual's statements about symptoms and their functional effects.

*Id*. The ruling also lists factors that must be considered when making those findings.

As an initial point, Ruffin seems to argue that the R&R is fatally flawed for its failure to "consider the credibility of the claimant as to the disabling effects of pain . . . ." Obj. [25] at 1. But this is Ruffin's first time to argue that the reviewing court is required to weigh the credibility of Ruffin's statements or otherwise follow SSR 96-7p. To the extent Ruffin now raises this argument, it is deemed waived. *See Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994), *cert. denied*, 513 U.S. 1163 (1995).

But even if not waived, the Magistrate Judge did not err in failing to consider Ruffin's credibility. SSR 96-7p speaks to what the "adjudicator"—*i.e.*, the ALJ—must consider. It does not require an appellate court's independent credibility assessments. *Cf. Salgado v. Astrue*, 271 F. App'x 456, 461 (5th Cir. 2008) (finding that the SSR 96-7p factors "were included in the ALJ decision and thus did not require an independent analysis by the Council"); *see also Jack v. Astrue*, 426 F. App'x 243, 244–45 (5th Cir. 2011) (noting that courts "may not re-weigh the evidence or substitute our judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision").

Ruffin also complains that the Magistrate Judge failed to force the ALJ to properly make credibility findings consistent with SSR 96-7p. That argument is likewise untimely and otherwise meritless. Ruffin does cite SSR 96-7p in one of his briefs, but not in the context of credibility determinations—an issue he has not previously mentioned. *See Cupit*, 28 F.3d at 535 n.5 (explaining that a party "'has a duty to put its best foot forward' before the Magistrate

Judge—i.e., 'to spell out its arguments squarely and distinctly'" (quoting *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-991 (1st Cir. 1988))).  Thus, it is not surprising that the R&R makes no reference to the arguments Ruffin now pursues.  Those arguments were therefore waived.

Regardless, the ALJ applied the correct standard.  On remand from the Appeals Counsel, the ALJ expressly cited SSR 96-7p, stated its legal standards, then applied those standards to the facts before concluding that Ruffin's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible . . . ."  R. [9] at 27–28.  The appropriate legal standard was applied.

The balance of Ruffin's objections essentially argue that the ALJ came to the wrong conclusion when it determined that Ruffin's statements concerning the intensity, persistence, and limiting effects of his symptoms are not credible.  Again, this is not something that Ruffin expressly asked the Magistrate Judge to address on appeal.  But as noted in the R&R, once the correct legal standard has been applied, this Court merely determines whether substantial evidence supports the ALJ's finding.  *See Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) ("[R]eview of the Commissioner's decision is limited to two inquiries:  (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.").  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It is more than a mere scintilla and less than a preponderance."  *Id*. (citation and punctuation omitted).  On this issue, the R&R efficiently examines the record before concluding that reversal is not warranted.  There is no need to restate those findings.

IT IS, THEREFORE, ORDERED that Plaintiff's objection [25] to the Report and Recommendation is hereby overruled.

IT IS FURTHER ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court; Plaintiff's motion [13] is denied; Defendant's motion [18] is granted; the decision of the Commissioner is affirmed; and this action is dismissed with prejudice.

A separate judgment will be entered in accordance with the Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 12th day of September, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE